# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                      No. CR 04-523 JB

ROBERT EMIL WITSCHI,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Exclusion of Evidence, filed January 10, 2005 (Doc. 69). The Court held a telephonic hearing on this motion of January 14, 2005. The Defendant, Robert Emil Witschi, was present with his counsel during the hearing. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the Defendant's motion.

## PROCEDURAL BACKGROUND

This case has been pending against Witschi since law enforcement officers arrested him on December 19, 2003, following the execution of search warrants at his residence and at storage units, all in Las Cruces, New Mexico. He is charged with attempting to manufacture methamphetamine and possession of an illegal firearm. He is presently residing at his home pursuant to conditions that the Honorable James A. Parker, Senior United States District Judge, imposed.

At the defenses requests, which were unopposed by the government, this case has been continued six times, in large part because of discovery problems. The case has been reassigned to United States District Judge James Browning. Trial is presently scheduled for January 25, 2004, with

jury selection set for January 19, 2005.

Discovery revealed that the United States seized various items, including five items that a government chemist tested. As part of the discovery process, Witschi's counsel requested that representative samples of the materials that the United States seized as a result of the execution of the search warrants and tested be provided to a defense expert for independent testing. The United States concurred in Witschi's request for independent testing.

On April 30, 2004, the Honorable Karen B. Molzen, United States Magistrate Judge, issued an Order Permitting Disclosure of Physical Evidence, thus allowing the United States to provide samples to a defense expert for testing. See Doc. 36.

Even though Judge Molzen issued her order in April, Witschi experienced some difficulty in securing a defense expert. Finally, on September 29, 2004, Witschi's counsel provided the United States with the name and address of an Albuquerque expert, Dr. Eugenia Braswell, with whom Witschi had made arrangements for testing. Witschi's counsel requested that the United States send the materials to Braswell.

In December of 2004, Witschi's counsel learned that the United States had not yet sent anything to Braswell for testing. The United States asked Witschi's counsel to identify the items that Witschi wanted sent to an expert for independent testing. By letter dated December 9, 2004, and sent by facsimile transmission to the United States, Witschi's counsel identified the five items that the government chemist had tested and requested that the United States send those items to the defense expert. In response to this letter, on December 15, 2004, the Drug Enforcement Agency ("DEA") agent assigned to this case, Task Force Officer James Gimler, submitted a memorandum to the DEA laboratory in Dallas, Texas, requesting that the items be forwarded for independent testing. A DEA

laboratory supervisor, however, called Gimler and left a message requesting that he re-word this memorandum to comply with laboratory procedures. Gimler, however, was on annual leave from December 18, 2004 through January 2, 2005, and did not receive this message until he returned to work on January 3, 2005. Consequently, it was not until January 5, 2005, that Gimler re-sent a modified memorandum that complied with DEA procedures to the laboratory. On January 10, 2005, Witschi's counsel spoke with Braswell, and Braswell indicated that she had not received any materials for independent testing in connection with the case. On January 11, 2005, however, the laboratory sent the requested material to Gimler, who, on January 12, 2005, mailed the materials to Braswell.

On January 5, 2004, the Court entered an order scheduling the case for trial. Witschi moves the Court for an order excluding specified evidence from use by the United States during the trial and requiring the disclosure of specified items and categories of physical evidence for evaluation and independent testing. Specifically, Witschi requests that the Court enter an order excluding the United States' use at trial, for any purpose, of the material that the government chemist tested and of which Witschi requested independent testing. Witschi seeks the exclusion of the material itself, as well as any testimony regarding the material, including, without limitation, any testimony by the government chemist concerning the material.

The United States opposes this motion because of the potential consequences of the granting of the motion.

**LAW REGARDING DISCOVERY VIOLATIONS**

The Court has broad discretion in fashioning a remedy for discovery violations. See Fed. R. Crim. P. 16(d)(2). "In exercising its broad discretion to impose sanctions on the government for failure to comply with a discovery order, a district court should consider: '(1) the reasons the

government delayed producing the requested materials, including whether or not the government acted in bad faith . . . ; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.'" United States v. Martinez, 78 Fed.Appx. 679, *687 (10th Cir. Oct. 17, 2003)(unpublished)(quoting United States v. Peveto, 881 F.2d 844, 863 (10th Cir.1989)).

## ANALYSIS

The United States has known since September, 2004, that the Defendant arranged Braswell as his expert. It was not until Witschi's counsel's letter on December 9th, however, that the DEA had the requisite specific request to release the items for testing by Braswell. Witschi's counsel asked the United States in early December, 2004 about the status of the testing of these items. Witschi alleges that, even after counsel sent the December 9, 2004 letter, the United States has not sent anything to Braswell. According to the United States' response, however, the material was delayed because Gimler's memorandum requesting the material did not comply with DEA procedures and Gimler, who is responsible for this request, was on annual leave from December 18, 2004 through January 3, 2005. The United States also represents that, on January 12, 2005, the material was sent to Braswell for testing.

While this case has seen a number of continuances because of discovery problems, this particular problem results from the United States not doing what it should have done on this important matter. Witschi does not suggest that the United States has acted in bad faith; however, Witschi asserts that there is no good reason for the United States not to have sent the items for testing. And Witschi contends that he has been prejudiced because proceeding to trial without the testing that the Court ordered and that Witschi requested would violate his constitutional right to

effective assistance of counsel, his right to trial, and his right to due process. According to Witschi, the United States' failure to permit the testing needed for the defense of the case prolongs the period of time during which Witschi exists under the strain of a felony indictment.

Because the United States has not acted in bad faith, and because it has represented that, on January 12, 2004, the material was sent to Braswell, the Court will deny Witschi's motion. Witschi has not provided the Court with an explanation of how he would be prejudiced by the delay in providing Braswell the requested material. To cure any prejudice that may result from this ruling, however, the United States made an unopposed oral motion for a continuance at the hearing on this motion. See Transcript of Hearing at 8:21 - 9:10.[1] The Court will grant the United States motion, finding that, pursuant to 18 U.S.C. § 3161(h)(8)(A), the ends of justice served by the granting of the motion for continuance outweigh the interest of the public and the Defendant in a speedy trial and that the delay resulting from the continuance shall be excluded for the purposes of the Speedy Trial Act. Accordingly, the Court will vacate the January trial setting and will place this case on its February trailing docket, which begins February 21, 2005.

**IT IS ORDERED** that Defendant Robert Emil Witschi's motion that the Court enter an order excluding from any use at trial any material that the United States seized and that its chemist tested, as well as any testimony concerning that material, is denied.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Randy M. Castellano
Renee Lyn Camacho
  Assistant United States Attorneys
Las Cruces, New Mexico

      *Attorneys for the United States*

Marc H. Robert
  Assistant Federal Public Defender
Las Cruces Office
Federal Public Defender
Las Cruces, New Mexico

      *Attorney for the Defendant*